Nicholson, O. J.,
delivered the opinion of the court.
This bill was filed to supply and set up the record in an action of ejectment commenced in the Circuit Court of Hawkins in 1857 or 1858 by George Hale and James R. Neill against Thomas Hord, which record was lost or destroyed during the late war. The plaintiff and defendant in that suit having died, the complainants in this case are the heirs of George Hale and James K. Neill, and the defendants the heirs of Thomas Hord.
The bill alleges the entire loss or destruction of the record, sets out the title ' by which the complainants claim the land, prays that the lost record may be supplied and -set up, and that their title be declared and possession be awarded to them.
Defendants demurred to the bill, but their demurrer was overruled, and they were allowed to rely on their causes of demurrer in their answer. They then answered, denying that complainants have a valid title, but insisting that their grant is void, because based on an entry made in Green county and not in Hawkins county, relying upon a grant to Thomas Hord, and an adverse possession of more than seven years. They admit the bringing of the action of ejectment as charged, and that the same has never been tried, but deny that the papers in that case were lost, and *242 if they were destroyed it was done on purpose by complainants or their agents.
The Chancellor being of opinion on the hearing that complainant's have not brought themselves within the rules of law setting up lost papers, and that they are not entitled to relief in equity, dismissed their bill, from which decree they have appealed.
The decree of the Chancellor seems to have been made either because he considered one of the causes of demurrer well taken, to-wit., that “ the papers in the action at law would be as easily supplied at law as in chancery,” or that the allegation in the bill as to the loss of the record was not sustained by the evidence. The decree cannot be sustained on either ground.
The demurrer admits the loss of the papers, and raises the question whether the statute prescribing the mode of supplying lost records had the effect of abrogating the original jurisdiction of * courts of equity to supply lost papers upon the ground of accident? It is true that in the case of Graves v. Keaton, 3 Col., the court, in construing sec. 3907 of the Code, say that “before any such lost record, or paper, or proceeding can be supplied, an application must be made to the court in which the action is pending, for that purpose.” This must be understood only as authorizing a party who wishes the benefit of a lost paper in a cause to apply to the court in which the cause is pending to have it supplied, and not as limiting and restricting the party to relief by application to that particular court. The language of the Code *243 is that “any record,” i. e., if lost or mislaid, etc., “may be supplied upon application,” etc. This leaves the party to his election, either to apply to the court of law in which the case • is pending to have the lost paper supplied, or to resort to a court of equity for that purpose. The decree of the Chancellor, therefore, could not be sustained on the ground that the demurrer was well taken.
In the answer, however, defendants deny that the papers were lost, but insinuate that they were destroyed intentionally by complainants. This latter insinuation is wholly unsupported, by proof, and is, therefore, of no avail. The evidence of the Clerk of the Circuit Court, the custodian of the records, and of one of the attorneys concerned in the ejectment suit, leaves no room to doubt that the entire record was lost during the war. The decree, therefore, is not sustained by the proof.
It appears from the prayer of the bill that complainants not only sought to have the lost record supplied and set up, but they also asked to have their title established and possession given to them. It was, therefore, an ejectment bill, and was subject to demurrer for want of jurisdiction in the Chancery Court, nothing appearing to show that their remedy at law was so embarrassed as to make it proper for the interposition of a court of equity. But defendants failed to object to the jurisdiction of the Chancery Court by special demurrer, as required by the Code. None of the causes of demurrer assigned look to the want of jurisdiction in the Chancery Court on the *244 ground that .the remedy of complainant was clear and. unembarrassed at law. The objection to the jurisdiction, therefore, must be taken to have been waived, and we are bound to try the cause on its merits. Besides, as the Chancery court had jurisdiction to set up the lost paper, it also had jurisdiction to go on and give full relief.
Complainants rely on a grant from the State of Tennessee, dated in 1839, based on an entry made in the entry - taker’s office of Hawkins county in 1827. This is an entry for five thousand acres on the south side of Holston river, in Hawkins county, beginning at the Greene county line, etc. The grant issued on the entry is for two thousand and five hundred acres, described as lying in Hawkins county, but it is shown by the evidence that the beginning corner of the grant is not on the Greene county line, but is about half a mile from the line running from that point across the Greene county line into Hawkins county, and including within its boundaries the land in Hawkins-county in dispute. The validity of the grant, especially as to the land embraced in it in Hawkins county, is not affected by the fact that the exact location of the Greene county line was mistaken by the surveyor in fixing the beginning corner. The entry shows that the beginning corner was intended to be on the Greene county line, and the grant shows that the land granted was supposed to be in Hawkins county. Whether complainant’s grant is valid as to the land situated in Greene county, it is not material to decide in this case. It is sufficient that, as to the *245 land in Hawkins county, the grant is valid. The objection to complainant’s title on this ground is, therefore, not well taken. Defendants claim title under a •grant from the State to Thomas Hord, issued in 1858, and. set up an adverse possession from a date prior to the grant.
It is obvious that the title of complainants is superior to that of defendants, and must prevail unless defendants have made out their plea of seven years’ adverse possession. It is clear from the proof that defendant’s adverse possession commenced only about one or two years before the action of ejectment was commenced by the ancestor of complainants. That suit was pending, undisposed of, when the present bill was filed in February, 1867. This bill was intended by complainants to operate as a continuation of the suit at law, and the defendants have acquiesced in this transfer of the cause to the Chancery from the Circuit Court by failing to object to the jurisdiction of the Chancery Court. It follows that the defendants have failed to make out their defense of seven years’ adverse possession.
The result is, that the Chancellor’s decree is reversed, and a decree will be rendered in favor of complainant, with costs.